CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 19 2022

at ___ o'clock and ___ min. ___M
John A. Mannle, Clerk

KENNETH M. SORENSON
MICAH SMITH
MICHAEL ALBANESE #9421
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Emails:      Ken.Sorenson@usdoj.gov
             Micah.Smith@usdoj.gov
             Michael.Albanese@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 22- 00071 DKW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE:   9/19/2022 |
| MILTON CHOY, | TIME     11:00 a.m. |
| Defendant. | JUDGE:  Hon. Derrick K. Watson |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, MILTON CHOY, and his attorney,

Michael Jay Green, Esq., have agreed upon the following:

## THE CHARGES

1.     The defendant acknowledges that he has been charged in an
Information with violating Title 18, United States Code, Section 666(a)(2).

2.     The defendant has read the charge against him contained in the
Information, and that charge has been fully explained to him by his attorney.

3.     The defendant fully understands the nature and elements of the crime
with which he has been charged.

## THE AGREEMENT

4.     The defendant agrees to waive indictment and enter a voluntary plea
of guilty to the Information, which charges him with bribing agents of a federally
funded program.   The defendant is aware that he has the right to have this felony
asserted against him by way of grand jury indictment.   The defendant hereby
waives this right and consents that this offense may be charged against him by way
of the Information.   In return for the defendant's plea of guilty to the Information,
the government agrees not to charge the defendant with additional violations of
law related to the bribery of Maui County and/or State of Hawaii officials known
to the government as of the date of this agreement.   The defendant understands

2

that the single count Information filed in this case charges multiple violations of

violations of 18 U.S.C. § 666(a)(2) in a single count.   The defendant expressly

waives any claim or defense that the Information is duplicitous for this reason.

Additionally, the defendant waives any argument that any portion of the

Information is time barred by any applicable statute of limitations.

5.     The defendant agrees that this Memorandum of Plea Agreement shall

be filed and become part of the record in this case.

6.     The defendant enters this plea because he is in fact guilty of bribing

agents of a federally funded program as charged in the Information, and he agrees

that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.     The defendant understands that the penalties for the offense to which

he is pleading guilty include:

a.     A term of imprisonment of up to 10 years and a fine of up to

$250,000, plus a term of supervised release up to 3 years.

b.     In addition, the Court must impose a $100 special assessment as

to each count to which the defendant is pleading guilty.   The defendant agrees to

pay $100 for each count to which he is pleading guilty to the District Court's

Clerk's Office, to be credited to said special assessments, before the

3

commencement of any portion of sentencing.   The defendant acknowledges that

failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this

Agreement at its option.

       c.    **Forfeiture.**   Pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, forfeiture of any

property constituting proceeds of the offense in accordance with the provisions of

Paragraph 15.

       d.    **Restitution.**   The Court must also award restitution pursuant to

Title 18, United States Code, Section 3663A, to the persons and entities victimized

by the defendant's offenses.   The defendant understands that the Court will

determine the amounts of restitution to be ordered, as well as the persons and

entities entitled to such restitution, with the assistance of the United States

Probation Office.   The defendant agrees to pay restitution for all losses caused by

the defendant's conduct.

## FACTUAL STIPULATIONS

    8.    The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

4

a.     At all times relevant to the Information, the defendant was the owner and manager of H2O Process Systems, LLC (H2O), a company based in Honolulu, Hawaii.   H2O provided various wastewater services, including distributing, installing, and consulting regarding various wastewater equipment and parts.   H2O was formed in the State of Washington in 2001, and has been registered in the State of Hawaii since 2008.

b.     At all times relevant to the Information, Stewart Stant (Stant) was a government official employed by the County of Maui.   From at least January 2009 to December 2015, Stant served as manager of the Solid Waste Division of Maui County Department of Environmental Management (DEM). Between in or about December 2015 and in or about December 2018, Stant was employed by DEM as its Director, a position to which he was appointed by the Mayor of Maui County.   As the Director of DEM, Stant oversaw the County of Maui's sewer and refuse services.

c.     At a time unknown, but at least by October of 2012 and continuing until in or about December 2018, the defendant paid bribes to Stant in order to obtain lucrative contracts from the County of Maui government.   The defendant paid these bribes via checks and direct bank deposits to Stant's bank accounts.   The defendant also at times paid cash to Stant either directly, or by

5

depositing money into his bank accounts.   On other occasions, the defendant provided gifts and other benefits to Stant to include paying for Stant's airfare, hotel rooms, jewelry, and casino gaming chips.

d.   In return for the financial benefits paid to Stant, Stant exercised his discretion as a County of Maui official to award, or cause to be awarded, numerous sole source contracts to H2O and, in return, the defendant made payments of bribes, including through cash, check, casino chips, and other gifts to Stant.   The defendant sometimes made these payments himself, and on other occasions made the payments through H2O or through another company he owned, Central Pacific Controls, LLC (CPC LLC).

e.   Between October 2012 and December 2018, the defendant paid to Stant at least $733,176 in the form of deposits into Stant's bank accounts.   The defendant also paid bribes to Stant by making regular currency deposits into Stant's personal bank accounts, and from time to time handing cash directly to Stant.

f.   In addition to these monetary payments, the defendant provided other gifts and things of value to Stant.   For instance, the defendant traveled with Stant to Las Vegas, Nevada on multiple occasions between March 2011 and September 2017.   On many occasions, the defendant paid for Stant's airfare.   For

6

example, in January 2016, the defendant paid for Stant's first-class roundtrip airfare from Honolulu to Las Vegas totaling approximately $1,741.   On many trips, the defendant obtained expensive hotel rooms for Stant, thereby providing further financial benefits to Stant in return for Stant's assistance in directing contracts to H2O.   In addition, the defendant provided Stant with gaming chips while on mutual trips to Las Vegas which Stant could, and did, redeem for cash.

      g.     In exchange for these payments and things of value, Stant steered County of Maui contracts to the defendant and H2O using Stant's official positions with DEM.   During the charged period, H2O received at least 56 contracts from Maui County and DEM with a total value of at least $19,316,930. These contracts had a wide variety of individual valuations, but were always valued in excess of $5,000.   For these 56 contracts, Stant and DEM frequently justified them by representing that H2O was the only source for the goods or services, thereby avoiding any competitive bidding procurement process.

      h.     Between August 17, 2015, and January 7, 2019,   H2O received 31 percent of all sole source   contracts awarded by the entire County of Maui.   In the time period between January 2014 and December 2017, H2O deposited approximately $20,500,000 in total proceeds from the County of Maui.

Deposits from the County of Maui were by far the largest contributor of cash inflows into H2O's primary deposit bank account.

      i.    The moneys, cash and financial benefits paid to Stant by the defendant were intended to both influence and reward Stant for his role in awarding and/or directing DEM contracts to his company, H2O.

      j.    During each year beginning with 2012, and including each year up to and including 2018, the County of Maui was a local government that received federal benefits in excess of $10,000 under a Federal program as set forth in 18 U.S.C. § 666 (b).

9.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

8

a.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

b.     The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either

9

the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.  The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.  The

10

defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.     The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.     The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial

obligations, including forfeiture as set forth below, that may be imposed upon him,

the defendant agrees as follows:

        a.      The defendant agrees to fully disclose all assets in which he has

any interest or over which he exercises control, directly or indirectly, including any

assets held by a spouse, nominee, or third party.   The defendant understands that

the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial

statement.   To avoid the requirement of the defendant completing financial

statements for both the USPO and the government, the defendant agrees to

truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office.   The defendant agrees to complete the disclosure

statement and provide it to the USPO within the time frame required by the United

States Probation officer assigned to the defendant's case.   The defendant

understands that the USPO will in turn provide a copy of the completed financial

statement to the United States Attorney's Office.   The defendant agrees to provide

written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing,

12

within seven days of the event giving rise to the changed circumstances.   The

defendant's failure to timely and accurately complete and sign the financial

statement, and any written update thereto, may, in addition to any other penalty or

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §

3E1.1.

   b.  The defendant expressly authorizes the United States

Attorney's Office to obtain his credit report.   The defendant agrees to provide

waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing.   The defendant also

authorizes the United States Attorney's Office to inspect and copy all financial

documents and information held by the USPO.

   c.  Prior to sentencing, the defendant agrees to notify the Financial

Litigation Unit of the U.S. Attorney's Office before making any transfer of an

interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned

under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.    As part of his acceptance of responsibility and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the defendant agrees as follows:

a.    The defendant consents to the entry of a money judgment in the amount of the property constituting proceeds of the offense, as determined by the Court at sentencing (the "Forfeiture Money Judgment").   The government agrees not to seek a money judgment greater than the sum of $15,000,000.   The defendant acknowledges and agrees, however, that the government will be entitled to seek a higher forfeiture amount than $15,000,000 if the government discovers additional information about payments from the County of Maui to the defendant or the defendant's businesses that the defendant himself does not disclose to the government.   The defendant also acknowledges and agrees that the Court will determine the amount of the Forfeiture Money Judgment to be ordered and will not be bound to accept the forfeiture amount proposed by the government.   The government acknowledges and agrees that the appropriate money judgment amount may be lower than $15,000,000, because the defendant's companies did provide services and products in connection with contracts.

14

b.      The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant waives all constitutional, legal, and equitable defenses to the entry of and collection of the Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

c.      The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule

15

32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the Forfeiture Money Judgment becoming final as to the defendant when entered.

        d.      The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

        e.      The defendant represents and agrees that, within the meaning of 21 U.S.C. § 853(p), the Forfeiture Money Judgment amount represents property subject to forfeiture that, as a result of any act or omission of the defendant,

        (A) cannot be located upon the exercise of due diligence;

        (B) has been transferred or sold to, or deposited with, a third party;

        (C) has been placed beyond the jurisdiction of the court;

        (D) has been substantially diminished in value; or

        (E) has been commingled with other property which cannot be divided without difficulty.

        f.      Payment of the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check payable to the United States Marshals Service.  On or before the date he enters his plea of guilty pursuant to this agreement, the defendant shall cause said check to be hand-delivered to the

16

Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK

Federal Building, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii

96850, with the criminal docket number noted on the face of the check.

   g. If the Forfeiture Money Judgment is not paid on or before the

date the defendant enters his plea of guilty pursuant to this agreement, interest shall

accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on any

unpaid portion thereof at the judgment rate of interest from that date.

Furthermore, if the defendant fails to pay any portion of the Forfeiture Money

Judgment on or before the date of his guilty plea, the defendant consents to the

forfeiture of any other property alleged to be subject to forfeiture in the

Information, including substitute assets, in full or partial satisfaction of the money

judgment, and remains responsible for the payment of any deficiency until the

Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

  16. The defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or

predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual

18

bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19.   The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.   If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial or other proceeding if the defendant later proceeds to trial.   In particular, by signing this agreement, the defendant agrees that all of the statements in paragraphs 8.a. through 8.k. above are accurate and truthful, and by signing this agreement, the defendant accepts that those factual stipulations are truthful admissions that may be used against him in a subsequent trial or other proceeding.   By signing this agreement, the defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement, including the statements in paragraphs 8.a. through 8.k. above, or during the course

20

of pleading guilty when the guilty plea is later withdrawn.  The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.  Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

22.    The defendant agrees that he will fully cooperate with the United States.

a.    The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b.    The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he

understands he may have his counsel present at those conversations, if he so desires.

      c.    The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

      d.    The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

      e.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

23.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution

agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.     Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.     This Agreement does not require the prosecution to make such a request or motion.

c.     This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d.     Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

23

25.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.     To become effective, this Agreement must be signed by all signatories listed below.   Should the Court refuse to accept this Agreement despite the defendant's full compliance with the Agreement, it is null and void and neither party shall be bound thereto.

//

//

//

//

//

//

//

//

//

24

DATED:   Honolulu, Hawaii, ____9/19/22_____.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

*Srn Sorenson*
KENNETH M. SORENSON
MICAH SMITH
MICHAEL F. ALBANESE
Assistant U.S. Attorneys

MICHAEL JAY GREEN
Attorney for Defendant

MILTON CHOY
Defendant

25